UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND S. PATILLO,** | : |
| Petitioner, | : CIVIL ACTION NO. 3:10-1020 |
| v. | : (CAPUTO, D.J.) |
| | (MANNION, M.J.) |
| **RONNIE HOLT, Warden,** | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION[1]

On May 12, 2010, the petitioner filed a document that has been designated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The petition presents grounds attacking his conviction, the sentence imposed, and/or both. The petitioner's sentence was imposed by the United States District Court for the Eastern District of Tennessee. In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising the petitioner that: (1) he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will lose his ability to file a second or

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996). (Doc. No. 4). The petitioner was provided a Notice of Election form and was directed to return the completed form by July 27, 2010. *Id.* In addition, the petitioner was advised that the failure to comply with this order would result in the court ruling on the petition as captioned, namely as a §2241 habeas petition. *Id.*

As of the date of this Report and Recommendation, the petitioner has failed to comply with this court's order dated June 23, 2010. *See* (Doc. No. 4). As such, the court will now turn to the issue of whether petitioner may proceed pursuant to §2241.

In petitioner Patillo's habeas petition, he indicates that he is presently serving a federal sentence which was imposed by the United States District Court for the Eastern District of Tennessee. (Doc. 1). In addition, the petition indicates that on June 19, 2008, Patillo had entered a plea of guilty, and that on September 18, 2008, he was sentenced to four hundred (400) months of incarceration. *Id* at 2.

Petitioner Patillo contends the Bureau of Prisons ("BOP") violated his Due Process rights in that: (a) the BOP failed to follow "Program Statement 5800.11 P.19(c). Inmate challenge to Information, in regards to an (sic) faulty and inaccurate J&C;" (b) he is being held illegally by the BOP in regard to the faulty and inaccurate J&C "that does not contain the actual offense(s) for which the court imposed its sentence;" and (c) the DSCC (Designation and Sentence Computation Center) staff failed to analyze his J&C and verify that it was in compliance with applicable statutes, case law and the U.S. Sentencing Guidelines. *Id.* at 4. The petitioner does not assert the relief he is requesting from the Court. *Id.*

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)); *see Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically

3

prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *see Okereke*, 417 F.3d at 120 ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing *In re Dorsainvil*,119 F.3d 245, 251 (3d Cir. 1997)).

In order to be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir.1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir.1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954) (even if the sentencing court incorrectly

---

[2] Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like § 2241, is a species of habeas corpus. *See Davis v. United States*, 417 U.S. 333, 343 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); *United States v. Anselmi*, 207 F.2d 312, 314 (3d Cir. 1953) ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

4

disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez,* 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone,* 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial,* 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or

ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

Here, the petitioner has not met the high standard so as to be allowed to proceed under §2241 instead of §2255. In fact, the petitioner has not advanced any arguments as to §2255's inadequacy of ineffectiveness. Nor has petitioner alleged that a change in substantive law has made him innocent of the federal charges against him. Rather he asserts that the BOP is holding him illegally because of the faulty judgment and commitment and the failure of the BOP to analyze the faulty judgment and commitment, without any explanation as to what he has done to appeal the "faulty J&C" and why he was unable to raise these arguments in a §2255 motion to the sentencing court in the Eastern District of Tennessee. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. 2009) (Section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence); *Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005) (because petitioner had a reasonable opportunity to raise his claims in a §2255 motion before the District Court and the Sixth Circuit Court of

6

Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a §2241 petition).

Petitioner Patillo indicates in his habeas petition that he appealed to the Sixth Circuit Court of Appeal. (Doc. 1, p. 3). The docket in 08-6282 reflects that the appeal was decided on December 1, 2010 affirming the District Court's judgment. The issues Petitioner Patillo raised on appeal were: 1) whether Patillo's sentence of 400 months was greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a) and was therefore unreasonable and 2) whether Patillo knowingly and voluntarily entered into his plea agreement and/or he was sentenced properly for the counts to which he pled guilty.

Therefore, as the record reflects, Petitioner Patillo challenged the validity of his conviction with the appeal to the Sixth Circuit Court of Appeals which affirmed the District Court's judgment. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also

7

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255(e)

In sum, the Petitioner Patillo has not made the requisite showing that §2255 is inadequate or ineffective to test the legality of his conviction or sentence. Further, the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. Therefore, petitioner Patillo's petition should be dismissed for lack of jurisdiction, as his motion should be brought, pursuant to §2255 in the sentencing court in the Eastern District of Tennessee.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

    (1)    The petition, (Doc. No. 1), be **DISMISSED** for lack of jurisdiction; and

    (2)    The Clerk of Court be directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** March 2, 2012
O:\shared\REPORTS\2010 Reports\10-1020-01.wpd